UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN M. GLEASON, | ) CASE NO.  3:19 CV 1623 |
| | ) |
| Petitioner, | ) JUDGE DAN AARON POLSTER |
| | ) |
| vs. | ) OPINION AND ORDER |
| | ) |
| LYNEAL WAINWRIGHT, Warden, | ) |
| | ) |
| Respondent. | ) |

On July 16, 2019, Gleason John M. Gleason, represented by counsel, filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  **Doc #: 1 ("Petition")**.  Gleason pled guilty in 2006 to raping three children less than 10 years old when he too was a juvenile.[1]  The state court sentenced him to three concurrent life sentences with the possibility of parole after serving ten years.[2]

Gleason now argues that these sentences of a juvenile offender violate his Eighth Amendment right against cruel and unusual punishment, citing in support *Graham v. Florida*, 560 U.S. 48 (2010) (life sentence without parole of a juvenile offender violates the Eighth Amendment), *Miller v. Alabama*, 567 U.S. 460 (2012) (mandatory life sentence without parole of a juvenile offender violates the Eighth Amendment), and *Roper v. Simmons*, 543 U.S. 551 (2005) (death penalty of a juvenile offender violates the Eighth Amendment). Warden Lyneal Wainwright filed a motion to dismiss, arguing that the Petition should be dismissed because it is

---

[1] These rapes occurred when Gleason was 14 and 15 years old.

[2] At the time of sentencing, Gleason was 17 years old.

untimely and Gleason's claim is not exhausted.  Doc #: 6.  Gleason filed a response arguing that the court should toll the statute of limitations for equitable reasons due to Gleason's age at the time of convictions, citing in support *Holland v. Florida*, 560 U.S. 631, 645 (2010).  Doc #: 8.

Following briefing, Magistrate Judge Thomas Parker issued a Report and Recommendation urging the undersigned to dismiss the Eighth Amendment claim because it is time-barred under AEDPA's statute of limitations and Gleason has failed to show "extraordinary circumstances" justifying equitable tolling under *Holland*.  **Doc #: 13 ("R&R")**.  The Magistrate Judge also recommended that the Court dismiss the Eighth Amendment claim because Gleason has not exhausted this claim in state court.  *Id*.  Finally, the Magistrate Judge properly explained why *Miller*, *Graham* and *Roper* are distinguishable.  *Id.*

Gleason timely filed Objections raising the very same arguments and citing the very same cases in support of those arguments that he presented to Magistrate Judge Parker – all of which the Magistrate Judge addressed thoroughly and correctly in his 15-page R&R.  **Doc #: 14**.  Gleason now blames trial counsel's ineptitude for failing to exhaust and procedurally default Gleason's Eighth Amendment claim in state court.  Even if the Eighth Amendment claim was exhausted and timely filed, it would still be rejected for the same reasons the Magistrate Judge stated in the R&R.

In sum, because Gleason's Eighth Amendment claim is time-barred under AEDPA and he  has not exhausted this claim in state court, the Court hereby **OVERRULES** the Objections, **ADOPTS** the R&R, and **DENIES** the Petition.  Respectively, Doc ##: 14, 13, 1.

**IT IS SO ORDERED.**

   */s/ Dan A. Polster     May 14, 2020*
**Dan Aaron Polster**
**United States District Judge**